**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **CASE NO:  JRR 24-303** |
| **BREAL L. MADISON JR.,** | |
| **Defendant** | |

**MOTION TO EXCLUDE TIME
PURSUANT TO THE SPEEDY TRIAL ACT**

The United States of America moves this Court for an Order to exclude time for purposes of Speedy Trial Act computation, pursuant to 18 U.S.C. § 3161(h)(1), and to make a finding pursuant to 18 U.S.C. § 3161(h)(1) and (7)(A) that the ends of justice served by continuing the trial date beyond the 70-day period normally required under 18 U.S.C. § 3161(c)(1) outweigh the best interests of the public and the Defendant in a speedy trial. In support of this motion, the government states as follows:

1.      On October 16, 2024, a federal grand jury returned an Indictment in the above-referenced matter, charging the Defendant, Breal L. Madison, Jr., with conspiracy in violation of 18 U.S.C. § 371; bribery in violation of 18 U.S.C. § 201; mail fraud in violation of 18 U.S.C. § 1343; and money laundering in violation of 18 U.S.C. § 1957.

2.      On October 29, 2024, Defendant Madison had his initial appearance on the Indictment before Magistrate Judge J. Mark Coulson.  Time under the Speedy Trial Act began to elapse.

3.      The United States made a substantial discovery production on November 8, 2025.

1

4.      The United States filed a motion to exclude time under the Speedy Trial Act (ECF No. 16) on November 26, 2024, and a supplement to that motion (ECF No. 22) on November 27, 2024, which the Court granted on November 29, 2024 (ECF No. 23).

5.      The United States made a second discovery production on January 8, 2025, and filed a second motion to exclude time under the Speedy Trial Act (ECF No. 25) on January 26, 2025, which the Court granted the next day (ECF No. 26).

6.      The Court scheduled a status conference to take place on Tuesday, February 18, 2025. On or about February 12, 2025, Defendant Madison notified the United States that he had retained new counsel and new counsel asked the United States for a brief delay during which new counsel could learn about the case and the allegations against Defendant Madison. The parties asked the Court to reschedule the February 18 status conference. The Court set a status conference on March 10, 2025.

7.      On February 19, 2025, the parties met in person and the United States provided a detailed overview of the case through a reverse proffer. During the reverse proffer, the United States highlighted specific evidence against the Defendant, including by showing and describing documents, text messages, and expected testimony.

8.      On March 1, 2025, the United States filed a motion to exclude time under the Speedy Trial Act (ECF No. 37), which the Court granted the following day (ECF No. 38).

9.      On April 3, 2025, the Court held a telephonic status conference to discuss the status of discovery and scheduling in the case. During the status conference, the parties discussed the potential need to invoke the procedures set forth in the Classified Information Procedures Act (CIPA). The United States informed the Court of its intent to file a motion for a status conference

under CIPA and, thereafter, the Court set an in-person status conference for May 7, 2025, to discuss CIPA and the procedures required thereunder.

10. On April 30, 2025, the United States filed a motion to exclude time under the Speedy Trial Act (ECF No. 41) and a motion to set a status conference pursuant to the CIPA (ECF No. 42). The Court granted the motion to exclude time on May 1, 2025 (ECF No. 45) and scheduled a pretrial conference pursuant to CIPA Section 2, which was held on May 22, 2025.

11. On July 7, 2025, the United States filed a motion to exclude time under the Speedy Trial Act (ECF No. 49), which the Court granted the same day (ECF No. 50).

12. On August 19, 2025, the United States filed a status report regarding its identification and disclosure of classified information in discovery.

13. On October 3, 2025, the United States filed a status report stating that it had completed its review of potentially discoverable material and confirmed that it would seek to invoke protections under Section 4 of the CIPA.

14. The United States has continued to communicate with counsel for Defendant Madison about discovery and has made, and continues to make, rolling productions of discovery.

15. In determining whether to exclude time, the Court may consider whether "the ends of justice," which are served by excluding time under the Speedy Trial Act, "outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Among the factors which the Court must consider in weighing the ends of justice include: (1) the difficulty or complexity of the case; (2) the time necessary for adequate preparation taking into account the exercise of due diligence; (3) continuity of counsel for the defendant and the Government; and (4)

the allowance of reasonable time for counsel for the defendant to prepare effectively for trial. 18 U.S.C. § 3161(h)(7)(A), (B)(iv).

16.    In light of the complexity of the case, the period of delay from December 12, 2025 to June 12, 2026, inclusive, is necessary to permit the production of discovery and preparation, filing, and disposition of pretrial motions pursuant to the schedule set by the Court.

17.    Defendant Madison consents to the exclusion of time as set forth in this Motion.

A proposed Order has been attached for the convenience of the Court.

Respectfully submitted,

Kelly O. Hayes
United States Attorney


By:      _____/s/_____
Elizabeth H. French
Washington Criminal Section, Antitrust Division
Trial Attorney


By:      _____/s/_____
Sean R. Delaney
Darren M. Gardner
Assistant United States Attorneys

## **CERTIFICATE OF SERVICE**

I hereby certify that this filing was served on the Defendant via ECF electronic filing.

/s/
_____
Elizabeth H. French
Trial Attorney
